IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>LEIGHTON SUGANUMA, LAWTON SUGANUMA, ELTON SUGANUMA, SACRED HEARTS ACADEMY, and STATE OF HAWAI`I, DEPARTMENT OF TAXATION,<br><br>            Defendants. | ) Civil No. 07-00320 DAE LEK<br>)<br>)<br>)**FINDINGS AND RECOMMENDATION TO**<br>)**GRANT THE GOVERNMENT'S MOTION**<br>)**FOR DEFAULT JUDGMENT AGAINST**<br>)**DEFENDANTS LEIGHTON SUGANUMA,**<br>)**LAWTON SUGANUMA, AND SACRED**<br>)**HEARTS ACADEMY**<br>)<br>)<br>)<br>)<br>) |

**FINDINGS AND RECOMMENDATION TO GRANT THE GOVERNMENT'S MOTION
FOR DEFAULT JUDGMENT AGAINST DEFENDANTS LEIGHTON SUGANUMA,
LAWTON SUGANUMA, AND SACRED HEARTS ACADEMY**

Before the Court is Plaintiff United States' ("the Government") Motion for Default Judgment Against Defendants Leighton Suganuma ("Leighton"), Lawton Suganuma ("Lawton"), and the Sacred Hearts Academy, filed October 31, 2007.1/   None of

---

1/The Government's motion also originally included defendant Elton Sugauma ("Elton").  Subsequent to the filing of the Government's motion, however, the Government and Elton submitted a stipulation, approved by the Court, to vacate the entry of default as to Elton and to vacate the Government's motion for default judgment as to Elton.  Thus, the pending motion no longer

the defendants have responded to the Motion.  Defendant State of Hawai`i Department of Taxation ("State"), who has appeared in this case, responded that it took no position with respect to the Motion.  The matter, originally scheduled for a hearing on December 13, 2007, was taken off calendar because the Court found that it was suitable for decision without a hearing.  After careful consideration of the Motion, supporting documents, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that the Government's Motion be GRANTED for the reasons set forth below.

## BACKGROUND

On June 12, 2007, the Government filed the instant complaint, seeking to 1) reduce Leighton's federal income tax liabilities to judgment and 2) to foreclose the federal tax liens on a parcel of real property that is jointly owned by Leighton, Lawton, and Elton ("subject property").

The Government asserts that on the following various dates, a delegate of the Secretary of the Treasury made assessments against Leighton for unpaid federal income taxes (Form 1040 taxes) for the tax years 1992, 1993, 1994, 1995, 1996, 1999, 2001, and 2002 as follows:

///

///

---

applies to Elton.

| TAX | TAX PERIOD | DATE OF ASSESSMENT | ASSESSED AMOUNT | | OUTSTANDING BALANCE* AS OF 05/23/07 |
|---|---|---|---|---|---|
| 1040 | 1992 | 09/15/97<br><br><br><br>11/21/05<br>03/08/04 | (1) $<br>(2) $<br>(3) $<br>(4) $<br>(5) $<br>(6) $ | 4,870.00<br>2,434.02<br>1,217.50<br>212.40<br>1,073.00<br>50.00 | $13,803.19 |
| 1040 | 1993 | 04/24/00<br><br><br><br>02/07/05 | (1) $<br>(2) $<br>(3) $<br>(4) $<br>(5) $<br>(7) $<br>(8) $ | 7,194.00<br>6,030.42<br>228.14<br>31.00<br>253.50<br>3707.00<br>1,383.83 | $10,176.63 |
| 1040 | 1994 | 04/24/00<br><br><br><br>02/07/05 | (1) $<br>(2) $<br>(3) $<br>(4) $<br>(5) $<br>(7) $ | 6,471.00<br>4,338.99<br>310.73<br>5.00<br>345.25<br>1,929.00 | $12,222.15 |
| 1040 | 1995 | 04/24/00<br><br><br><br>02/07/05 | (1) $<br>(2) $<br>(3) $<br>(4) $<br>(5) $<br>(7) $<br>(8) $ | 10,442.00<br>5,242.02<br>924.08<br>99.00<br>1,026.75<br>3,423.00<br>750.68 | $12,532.97 |
| 1040 | 1996 | 04/24/00<br><br><br><br>02/07/05 | (1) $<br>(2) $<br>(3) $<br>(4) $<br>(5) $<br>(7) $<br>(8) $ | 5,403.00<br>1,878.88<br>176.40<br>24.00<br>196.00<br>1,619.00<br>1,171.85 | $2,221.50 |
| 1040 | 1999 | 10/06/03<br><br><br><br><br>07/11/05 | (1) $<br>(2) $<br>(3) $<br>(4) $<br>(5) $<br>(7) $<br>(8) $ | 28,416.00<br>9,415.10<br>3,548.48<br>740.00<br>5,967.36<br>9,374.00<br>397.22 | $41,706.43 |

| 1040 | 2001 | 08/16/04<br>02/14/05<br>08/16/04<br>03/13/06 | (1) $<br>(1) $<br>(2) $<br>(6) $ | 1,224.30<br>276.70<br>187.36<br>50.00 | $2,087.95 |
|------|------|----------|--------|--------|----------|
| 1040 | 2002 | 04/15/03 | (9) $ | 552.00 | $ 706.14 |

_____

(1) Assessed Tax.
(2) Assessed Interest.
(3) Late Filing Penalty.
(4) Estimated Tax Penalty.
(5) Failure to Pay Tax Penalty.
(6) Fees and Collection Costs.
(7) Prior assessed tax abated.
(8) Prior assessed interest abated.
(9) Reversal of overpayment credit.

* Including accrued but unassessed interest through May 23, 2007.

[Complaint at ¶ 13.]

    The Government asserts that notice and demand for payment of the assessments described above was made upon Leighton. [Id. at ¶ 14.] The Government further asserts that despite notice and demand for payment, Leighton neglected, failed and/or refused to fully pay those assessed amounts. [Id. at ¶ 15.] At the time it filed the Complaint, the Government asserted that there was due and owing from Leighton on the assessments described above the sum of $95,456.96, plus statutory interest and other additions running from May 23, 2007, as provided by law. [Id. at ¶ 16.] The Government now asserts that the total amount that Leighton owes for the assessments described above, calculated through October 17, 2007, is $98,409.55. However, interest continues to be compounded daily according to 26 U.S.C. § 6622 until the

outstanding balance is paid in full.  [Mem. in Supp. of Motion at 8-9.]

Leighton's, Lawton's, and Elton's father devised a one-third interest in the subject property to Leighton, Lawton, and Elton as tenants in common. [Complaint at ¶ 22.]

On January 12, 1995, the Circuit Court of the First Circuit, State of Hawai`i, issued an order approving final accounts and distributing and settling the estate of the Leighton's, Lawton's, and Elton's father.  The order distributed a one-third interest in the real property at issue to Leighton. [Id. at ¶ 23.]

The personal representative's deed reflecting the transfer of ownership from Leighton's, Lawton's, and Elton's father to them was recorded with the State of Hawai`i, Bureau of Conveyances, on October 17, 2000. [Id. at ¶ 24.]

On or about March 24, 1995, defendant Sacred Hearts Academy recorded a judgment against Leighton with the State of Hawai`i, Bureau of Conveyances. [Id. at ¶ 25.]  By process of law, this judgment has expired and defendant Sacred Hearts Academy no longer holds a lien against the subject property. [Id.]

The Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien with the State of Hawai`i, Bureau of Conveyances, on March 2, 2004, against Leighton for the assessments for  income tax liabilities owed by him for tax years 1992, 1993, 1994, 1995, 1996, and 1999. [Id. at ¶ 19.]

On or about September 19, 2005, defendant State of Hawai`i, Department of Taxation, filed a lien against the real property at issue with the State of Hawai`i, Bureau of Conveyances, for unpaid individual state taxes owed by Lawton and his wife, Virginia Suganuma, for tax year 2001. [Id. at ¶ 26.]

The IRS filed a Notice of Federal Tax Lien with the State of Hawai`i, Bureau of Conveyances, on February 9, 2006, against Leighton for the assessments for income tax liabilities owed by him for tax years 2001 and 2002. [Id. at ¶ 20.]

The Government asserts that its liens attach to the subject property and that it is entitled to sell the subject property to enforce its liens.  [Id. at ¶¶ 18, 21, 28.]

On June 29, 2007, the Government properly served Leighton pursuant to Fed. R. Civ. P. 4(e)(2).  Leighton has not filed an answer or other responsive pleading, nor has he appeared in this case.  The Clerk of the Court entered default against Leighton on October 29, 2007.

On July 2, 2007, the Government properly served Lawton pursuant to Fed. R. Civ. P. 4(e)(2).  Lawton has not filed an answer or other responsive pleading, nor has he appeared in this case.  The Clerk of the Court entered default against Lawton on October 29, 2007.

On July 3, 2007, the Government properly served the Sacred Hearts Academy pursuant to Fed. R. Civ. P. 4(h).  The Sacred

Hearts Academy has not filed an answer or other responsive pleading, nor has it appeared in this case. The Clerk of the Court entered default against the Sacred Hearts Academy on October 29, 2007.

The Government filed the instant Motion on October 31, 2007. The default judgment would 1) reduce the federal income tax assessments against Leighton for the 1992-96, 1999, and 2001-02 tax years to judgment; 2) extinguish any interest that the Sacred Hearts Academy may have in the subject property; and 3) preclude Leighton and Lawton from objecting to the Government's right to foreclose its federal tax liens against the subject property and obtain an order to sell the subject property. The Government argues that the merits of its claim to reduce the federal income tax assessments against Leighton and its foreclosure claim, as well as the sufficiency of the Complaint, weigh in favor of issuing default judgment. [Mem. in Supp. of Motion at 5-19.]

Congress has authorized the IRS to collect outstanding tax liabilities. Pursuant to 26 U.S.C. § 7402(a), the United States can bring an action to obtain a judgment in order to enforce the internal revenue laws. Pursuant to 26 U.S.C. § 7403(a), where the taxpayer refuses or neglects to pay his federal taxes, the United States can bring a civil action in federal court to enforce a tax lien or to subject a taxpayer's property to payment of such federal taxes. Section 7403(b) requires the United

States to name as defendants all persons who have an interest in, or a lien upon, the property at issue.  Section 7403(c) provides that, after all parties have been notified of the action, the court shall determine the merits of all claims to and liens upon the property.  Where the United States establishes its interest in the property, the court can direct a sale of the property. [Id. at 12-13.]

The Government argues that it has complied with the statutory requirements and that it is entitled to a judgment against Leighton for the outstanding federal income taxes he owes and to a foreclosure of its federal tax liens and a sale of the subject property.

The Government argues that is entitled to a judgment against Leighton because not only has his failure to appear and plead against the claims in the complaint led to admissions of those well-pleaded allegations, but also because it has submitted sufficient additional evidence to support the amount it claims Leighton owes the Government.  Specifically, the Government contends that the submission of Certificates of Assessments and Payments (IRS Forms 4340) for each tax year at issue are the proper means of establishing the facts of the administrative assessment, and notice and demand for payment, as well as the dates, the amounts, and the bases for the assessments of tax and penalties for each tax year.  In addition, the Government argues

that the submission of the declaration of an IRS advisor with attached computer printouts which contain breakdowns of the tax, penalties, and interest, as well as a calculation of the accrued interest for income tax liabilities for each period, provides sufficient evidence of the assessed balance as well as accruals, calculated through October 17, 2007, including application of any payments or credits.  [Id. at 5-9.]

The Government also argues that it would be prejudiced if Sacred Hearts Academy's interest in the subject property is not extinguished because the United States would not be able to sell the subject property.  The Government argues that the potential prejudice to it, and to the other parties, weighs in favor of granting default judgment.  The Government notes that it is not seeking damages against the Sacred Hearts Academy and that the extinguishment of any interest in, and record title to, the subject property of the Sacred Hearts Academy would not affect any amount Leighton may owe the Sacred Hearts Academy.  The Government therefore argues that the amount at issue also weighs in favor of granting default judgment.  The Government contends that default judgment is also warranted because there is no possibility of a dispute over the material facts in this case. The factual allegations of the Complaint are presumed to be true and the Sacred Hearts Academy, Leighton, and Lawton have never appeared in this case.  [Id. at 9-19.]

The Government also argues that default judgment is appropriate because Leighton's, Lawton's, and the Sacred Hearts Academy's default was not the result of excusable neglect. Although almost one year has elapsed since their answer or other responsive pleading was due, none of them has ever filed a response to the Complaint.  Thus, Leighton, Lawton, and the Sacred Hearts Academy had knowledge of the proceedings but failed to respond and there is nothing in the record indicating that this was the result of excusable neglect. [Id. at 16-17.]

Finally, the Government acknowledges that there is a strong policy favoring decisions on the merits, but the Government argues that Leighton, Lawton, and the Sacred Hearts Academy had ample opportunity to respond and failed to do so.  It would be unfair to penalize the Government on its claim to reduce the income tax assessments to judgment and to all of the other non-defaulting parties by jeopardizing the sale of the subject property. [Id. at 15-16.]  The Government therefore argues that all of the relevant factors weigh in favor of granting default judgment.

### DISCUSSION

Default may be entered by the clerk if the defendant has "failed to plead or otherwise defend" within the permitted time. Fed. R. Civ. P. 55(a).  "'The general rule of law is that upon default the factual allegations of the complaint, except those

relating to the amount of damages, will be taken as true.'" TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The Court has discretion whether to enter default judgment.  See Lau Ah Yew v. Dulles, 236 F.2d 415 (9th Cir. 1956).  In Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986), the Court identified seven factors that districts court may consider in exercising their discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

Id. at 1471-72.  "In applying this discretionary standard, default judgments are more often granted than denied." PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Where a default is entered, the well-pleaded allegations in the complaint are taken as true.  See Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002); Geddes, 559 F.2d at 560.  The plaintiff, however, must establish the relief to which it is entitled.  See Pope v. United States, 323 U.S. 1 (1944); Fair Housing of Marin, 285 F.3d at 906.

The Government has diligently litigated the instant case and it will be prejudiced if judgment is not entered in its favor on

its claim to reduce the federal income tax assessments against Leighton to judgment.  The Court also finds that the Complaint sufficiently alleges substantive claims which concern a significant amount of money.  In addition to the fact that the well-pleaded allegations of the Complaint are taken as true, the Government has submitted sufficient additional evidence to prove the amount due and owing from Leighton.  Specifically, the Government has submitted IRS Forms 4340 for the 1992-96, 1999, ad 2001-02 tax years which are the proper means of establishing the facts of the administrative assessment, amounts of the assessments, and notice and demand for payment.  See Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) (Forms 4340 are proof that proper notices are sent); Hughes v. United States, 953 F.2d 531, 539-40 (9th Cir. 1991) (Forms 4340 qualify as a public record under Fed. R. Evid. 803(8)).  Further, these IRS Forms 4340 are self-authenticating as public documents under seal and as certified copies of official documents.  See Fed. R. Evid. 902(1) and (4).  The Government also has properly established the accruals through the Declaration of Henry Halle, IRS Technical Services Advisor, and the attachments thereto.  Accordingly, judgment should be entered against Leighton, and in favor of the United States, for unpaid federal income taxes (Form 1040) for the 1992, 1993, 1994, 1995, 1996, 1999, 2001, and 2002 tax years, calculated through October 17, 2007, in the amount of $98,409.55

its claim to reduce the federal income tax assessments against Leighton to judgment.  The Court also finds that the Complaint sufficiently alleges substantive claims which concern a significant amount of money.  In addition to the fact that the well-pleaded allegations of the Complaint are taken as true, the Government has submitted sufficient additional evidence to prove the amount due and owing from Leighton.  Specifically, the Government has submitted IRS Forms 4340 for the 1992-96, 1999, ad 2001-02 tax years which are the proper means of establishing the facts of the administrative assessment, amounts of the assessments, and notice and demand for payment.  See Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) (Forms 4340 are proof that proper notices are sent); Hughes v. United States, 953 F.2d 531, 539-40 (9th Cir. 1991) (Forms 4340 qualify as a public record under Fed. R. Evid. 803(8)).  Further, these IRS Forms 4340 are self-authenticating as public documents under seal and as certified copies of official documents.  See Fed. R. Evid. 902(1) and (4).  The Government also has properly established the accruals through the Declaration of Henry Halle, IRS Technical Services Advisor, and the attachments thereto.  Accordingly, judgment should be entered against Leighton, and in favor of the United States, for unpaid federal income taxes (Form 1040) for the 1992, 1993, 1994, 1995, 1996, 1999, 2001, and 2002 tax years, calculated through October 17, 2007, in the amount of $98,409.55

with statutory additions accruing according to law until paid in full.

The Court further finds that the Government will be prejudiced if the Sacred Hearts Academy's interest in the subject property is not extinguished and Leighton and Lawton are not foreclosed from objecting to the Government foreclosing its federal tax liens against the subject property.  The Court also finds that the Complaint sufficiently alleges substantive claims which concern a significant amount of money.  Further, in light of the fact that Leighton, Lawton, nor the Sacred Hearts Academy have never appeared in this case, there is no possibility of a dispute over the material facts and there is no indication that their default was due to excusable neglect.

This Court therefore finds that factors (1) through (6) weigh in favor of granting the Motion.  The only factor that weighs against granting the Motion is the strong policy favoring decisions on the merits.  Having considered all of the relevant factors, this Court FINDS that default judgment against Leighton on Count I in the Complaint and against Leighton, Lawton, and the Sacred Hearts Academy is warranted.  This Court therefore RECOMMENDS that the district judge issue judgment in favor of the Government and against Leighton on Count I in the amount of $98,409.55, calculated through October 17, 2007, with statutory additions accruing according to law until paid in full, and in

favor of the Government and against Leighton, Lawton, and the Sacred Hearts Academy on Count II in the Complaint which would extinguish the Sacred Hearts Academy's interest in the subject property and preclude Leighton and Lawton from objecting to a foreclosure of the federal tax liens by the Government in this case.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS and RECOMMENDS that the Government's Motion for Default Judgment Against Defendants Leighton Suganuma, Lawton Suganuma, and the Sacred Hearts Academy, filed October 31, 2007, be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, February 14, 2008.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge